IN RE APPLICATION OF NEBRASKA TRANSPORT CO., INC.
NEBRASKA TRANSPORT CO., INC., APPELLANT, V.
BEE LINE MOTOR FREIGHT, INC., ET AL., APPELLEES.

313 N.W.2d 686

Filed December 28, 1981. No. 43646.

Lavern R. Holdeman of Peterson, Bowman & Johanns for appellant.

James E. Ryan of Ryan & Williams, P.C., for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.

BOSLAUGH, J.

The applicant, Nebraska Transport Co., Inc., appeals from an order of the Nebraska Public Service Commission denying its application for an extension of its intrastate authority. The applicant is a motor carrier which is authorized as a common carrier to carry commodities generally, except those requiring special equipment, between points and places in Box Butte, Morrill, Scotts Bluff, Dawes, Sioux, and Sheridan Counties, on the one hand, and, on the other hand, all points and places in Nebraska, over irregular routes. The applicant sought to extend this authority to include Banner, Cheyenne, and Kimball Counties.

Bee Line Motor Freight, Inc., Brown Transfer Co., and Nebraska-Iowa Xpress, Inc. (NIX), all filed protests to the application.

After a lengthy hearing the commission, on January 15, 1980, denied the application. A petition for reconsideration and/or rehearing was filed, and on February 20, 1980, with two commissioners dissenting, the commission granted the application. Another motion for rehearing and/or reconsideration was filed, and on March 18, 1980, the commission, with one commissioner dissenting and one commissioner abstaining, sustained the motion and set aside its order of February 20, 1980.

On July 8, 1980, the commission, with one commissioner dissenting, reinstated the order of January 15, 1980, denying the application. It is from that order that the applicant has appealed.

Upon an appeal to this court from an order of the Public Service Commission, the order must be affirmed if the commission acted within its jurisdiction and the order is not arbitrary or capricious. If there is evidence

in the record which will sustain the findings and order of the commission, its order must be affirmed.

The rules which govern a proceeding of this nature before the commission are well established. The applicant was required to prove that it was fit, willing, and able to perform the service required in the area and that the public convenience and necessity required the service. Neb. Rev. Stat. § 75-311 (Reissue 1976). The commission found that the applicant was fit, willing, and able to perform the proposed service but that the present or future public convenience and necessity did not require the proposed service.

In determining the issue of public convenience and necessity, controlling questions are whether the operation will serve a useful purpose responsive to a public demand or need; whether this purpose can or will be served as well by existing carriers; and whether it can be served by applicant in a specified manner without endangering or impairing the operations of existing carriers, contrary to public interest. *In re Application of Greyhound Lines, Inc.*, 209 Neb. 430, 308 N.W.2d 336 (1981).

The applicant presented the testimony of 34 witnesses, who testified in support of the application. In their prepared testimony these witnesses testified that they desired to have the applicant's service available to them and expressed dissatisfaction with the existing service. On cross-examination, however, these witnesses testified, generally, that the existing service was satisfactory, or better.

The witnesses for the protestants testified, generally, that the volume of freight moving to the three counties involved in the application was relatively small and that any diversion of traffic from the existing carriers would impair their ability to continue service to the area.

The major population centers in the three-county area are Sidney, Nebraska, and Kimball, Nebraska. Banner County has a population of approximately

1,000 persons. All of the protestants serve Sidney, Nebraska. Brown and NIX serve all Cheyenne County points. NIX serves both Kimball, Nebraska, and Harrisburg, Nebraska, the only town in Banner County.

The finding of the commission that there was not sufficient volume of traffic to support the service of another carrier in addition to those presently authorized to serve the three-county area is supported by the record.

Much of the dissatisfaction expressed in regard to existing service related to the inability of the existing carriers to provide overnight service on shipments originating outstate. The evidence shows that the volume of shipments into the three-county area originating outside of Omaha is so small that it would not support direct service. As a result, such shipments are interlined with other carriers between the originating point and Omaha, and then carried to the three-county area by one of the protestants. Of necessity, this arrangement usually prevents overnight service from most outstate points into the three-county area.

The finding of the commission that the present or future public convenience and necessity does not require the proposed service is supported by substantial evidence. The order was not arbitrary or capricious and must be affirmed.

AFFIRMED.

WHITE, J., participating on briefs.